*E-Filed: February 25, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF SAN BENITO SUPPLY, <br><br>　　　　Plaintiff, <br>　　v. <br><br>KISAQ-RQ 8A 2 JV; et al., <br><br>　　　　Defendants. _____/ | No. C13-00469 HRL <br><br>**ORDER TO SHOW CAUSE** |

On January 26, 2015, this court filed its Memorandum of Decision, Findings of Fact and Conclusions of Law.  Although the plaintiff, San Benito Supply ("SBS"), was owed money by Frazier Masonry Company for unpaid invoices, that sum would be offset against the award of damages in favor of Frazier on its counterclaim.  Frazier's net recovery was ". . . $55,035.13, plus costs and prejudgment interest at the applicable rate."  Frazier was directed to prepare a proposed Judgment.

The proposed Judgment pegged interest at 10% annually for approximately a two-year period, totaling $10,434.06.  This court has not yet signed the Judgment, but is prepared to do so.

However, since there has never been any briefing, argument, or discussion over the proper interest rate or the time period it should cover, the court felt that SBS should be given the opportunity to state its objection, if any, to the interest calculation.  Accordingly, chambers staff telephoned SBS's counsel and advised the court was willing to consider his objection, if any, to the interest calculation.

SBS's counsel either misunderstood the court's offer, or chose to use it as a springboard to mount a challenge to the Findings and Conclusions.  On February 23, 2015, SBS filed its "Objections to Amount Awarded in the Proposed Judgment" ("Objections").  Nowhere in the Objections is any mention made of Frazier's interest calculation.  Instead, the Objections attack three of the items that went into Frazier's damages compilation, and argue they were improperly allowed.

The arguments now raised in the Objections should have been raised at trial.  They were not.  Frazier's tally of its claimed costs to remove and replace the nonconforming concrete was admitted without objection.  SBS's counsel could have cross-examined Frazier's witnesses about any of these costs, but he did not.  Although he had all the information now cited in support of the Objections at the time he made closing argument, he said nothing about them in his closing.  Plain and simple, as far as SBS was concerned, the accuracy or appropriateness of any items on the list that went into Frazier's damages claim was a non-issue at trial.  It just never came up.  Now is not the time to do so.

Therefore, it is ORDERED that no later than March 4, 2015 SBS shall show cause in writing why its Objections should not be stricken from the record.

Dated:  February 25, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C13-00469 HRL** N**otice will be electronically mailed to:**

Albert Ibrahim     pcornejo@ciclaw.com

Brian S. Case     bcase@ciclaw.com, aibrahim@ciclaw.com

Diana Marie Dron     dron@mmlawyers.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

3