*E-Filed: March 6, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF SAN BENITO SUPPLY, <br><br> Plaintiff, <br><br> v. <br><br> KISAQ-RQ 8A 2 JV; et al., <br><br> Defendants. _____/ | No. C13-00469 HRL <br><br> **ORDER ON ORDER TO SHOW CAUSE** <br><br> **[Re: Docket No. 106]** |

    On January 28, 2015, this court filed its Memorandum of Decision, Findings of Fact ("Findings") and Conclusions of Law ("Conclusions"). In short, the court found that San Benito Supply ("SBS") would recover from Frazier Masonry Company ("Frazier") its outstanding invoices for goods provided to Frazier minus, however, the price of the nonconforming concrete which had to be replaced by Frazier. Frazier recovered as damages its costs to remove and replace the nonconforming concrete. What Frazier owed on the unpaid invoices was offset against Frazier's damages, resulting in a net recovery to Frazier of $55,035.16. (Findings 29 and 30; Conclusions 4 and 5). Frazier was also to recover prejudgment interest in an amount not yet determined (Conclusion 6). Frazier was told to prepare a proposed Judgment.

    On February 3, Frazier submitted a proposed Judgment that tracked the Findings and Conclusions and then calculated prejudgment interest at $10,434.06 (using an annual rate of 10% and the time period March 13, 2013 to February 3, 2015). The question of the correct interest rate or appropriate time period to apply it to had never been addressed by the court, and the court felt

that, in fairness, SBS ought to be given the opportunity to object, if indeed it disputed either the interest rate or the time period.

Unfortunately, rather than issue an order spelling out that opportunity to SBS, the court had a member of chambers staff on February 18 telephone SBS's counsel and relay it orally. The court says "unfortunately" because there was a failure of communication. SBS thought it was being invited to object to the "amount of the judgment", and that is what it proceeded to do. On February 23, SBS filed Objections to Amount Awarded in the Proposed Judgment ("Objections"). The Objections did not take exception to the prejudgment interest rate or the time period. Rather, SBS argued that the court had made certain errors in calculating the net award for Frazier and that its recovery should be substantially reduced. In other words, SBS was challenging the Findings and Conclusions on the issue of damages. This was not what the court had in mind.

Local Civil Rule 7-9 authorizes an aggrieved party, prior to entry of judgment, to file a motion for leave to move for reconsideration of any interlocutory order if the party can show its grievance satisfies one of the Rule's three specified grounds.[1] Perhaps SBS was unaware of the Rule, or perhaps it concluded it could not satisfy any of the three specified grounds that might open a path to relief. In any event, it has not filed such a motion

On February 25, the court issued an Order to Show Cause to SBS requiring it to explain why the Objections should not be stricken from the record. SBS replied, and that was when the court learned of the failure of communication between chambers staff and SBS counsel. There is no indication that SBS was acting in bad faith. However, the Objections do not address the single issue (interest rate and time period) about which the court desired input. Instead, they disputed the court's damages calculation (thus implicating the Findings and Conclusions). So far as the court is aware, at this juncture in the case the only way SBS could dispute the Findings and Conclusions (if at all) would be through a Rule 7-9 motion. Accordingly, the Objections are stricken from the record.

---

[1] Very roughly summarized, the three grounds are: (1) subsequent discovery of important preexisting facts or law, (2) discovery of new facts or law, or (3) failure of the court to consider material facts or dispositive arguments presented prior to its ruling.

The court will delay signing the proposed Judgment until March 20, 2015. Although it has had since January 28 (when the Findings and Conclusions were filed), this further delay will give SBS additional time to consider its pre-judgment options and, if it deems appropriate, take action.

**IT IS SO ORDERED.**

Dated:  March 6, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1 | **C13-00469 HRL** **N**otice will be electronically mailed to:
2 | Albert Ibrahim     pcornejo@ciclaw.com
3 | Brian S. Case     bcase@ciclaw.com, aibrahim@ciclaw.com
4 | Diana Marie Dron     dron@mmlawyers.com
5 | **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California